IN THE
UNITED STATES DISTRICT COURT
SOUTHIMN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RODOLFO PAZ,** § | | |
| Plaintiff, § | CA No._____ | |
| § | | |
| v. § | | |
| § | | |
| § | JURY DEMANDED | |
| **UNITED PARCEL SERVICE, INC.** § | | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### 1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a jury for any and all issues triable to a jury. This action seeks compensatory, liquidated and actual damages; and costs and attorney's fees for the claims suffered by Plaintiff, RODOLFO PAZ, due to United Parcel Service, Inc. (hereinafter "Defendant" or "UPS") taking adverse employment action against him.

1.2 Plaintiff seeks compensatory, actual, liquidated and punitive damages; and costs and attorney's fees for the discrimination suffered by Plaintiff due to Defendant's actions.

1.3 This action arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. Section 12112 and the Family Medical Leave Act.

### 2. JURISDICTION

2.1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331.

2.2. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP.

2.3. Compensatory damages may be awarded pursuant to 42 U.S.C. § 198la(a)(1) and 42 U.S.C. § 198la(a)(2)(b)(1).

2.4. Punitive damages may be awarded pursuant to 42 U.S.C. § 1981a(a)(1) and 42 U.S.C. § 1981a(a)(2)(b)(1).

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times while an employee of Defendant, resided in this judicial district.

## 4. PARTIES

4.1. Plaintiff is a former employee of Defendant and resides in Houston, Harris County, Texas.

4.2. Defendant United Parcel Service, Inc. is an employer qualified to do business in Texas and employs more than 50 regular employees. Defendant can be served by, serving its Registered Agent for Service of Process, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## 5. STATEMENT OF FACTS

5.1 Plaintiff began his employment with UPS in December 1999 as a Hub Sorter. In April 2008, Plaintiff was promoted to a Package Car Driver and held this position at the time of his termination. Unfortunately, after 19 years with UPS, Plaintiff was wrongfully terminated on December 18, 2018.

5.2 After approximately seventeen (17) years of successful employment with UPS, Plaintiff's wife became seriously ill with a serious cardiac condition. Plaintiff's wife had a heart attack in September or October 2017. Plaintiff juggled caring for his wife and two young

children while still working his full-time job at UPS. To ensure that he would be able to retain his employment while caring for his ill wife, Plaintiff submitted a request to UPS for FMLA leave. Plaintiff's first FMLA leave requests were submitted and approved by UPS, in 2017.

5.3 Unfortunately, even though UPS was aware of Plaintiff's wife's disability and that he was on intermittent FMLA leave because of her condition, Plaintiff's supervisor made negative comments about his FMLA approved absences; and Plaintiff noticed a heightened and unwarranted scrutiny of his work. Plaintiff's co-workers also noticed that Plaintiff was often singled out and treated negatively for supposed "infractions" while other drivers took the same or similar actions and were not reprimanded.

5.4 Plaintiff was also told by his manager, Albert Smith, that he (Plaintiff) would get it through his head that his job comes first, in reference to Plaintiff being away from work for FMLA approved time off.

5.5 Despite the negative treatment after Plaintiff notified UPS of his wife's disability and after the commencement of Plaintiff's related FMLA leave, Plaintiff continued to work because he needed his job and had no intention of ending his employment; especially with the serious illness his wife was battling and the need for his income to support his family.

5.6 On October 12, 2018, Plaintiff's current FMLA leave ended however, his wife was still afflicted with a serious health condition that necessitated his assistance in her care. Therefore, Plaintiff submitted another request for FMLA leave. Plaintiff was not aware that his FMLA leave had expired on October 12, 2018. However, once Plaintiff was made aware of this, he requested an extension of his FMLA leave and worked diligently

to ensure that the medical certification was completed by his wife's physician and timely submitted. Initially, Plaintiff had some difficulty getting to the physician and he informed his supervisors (including Ted Zepeda and Scott Hammond) and manager (Albert Smith) of this, stating that his wife's physician performed surgeries at multiple different hospitals and because of that, he experienced some delay in getting the forms completed.

5.7 Plaintiff's wife's physician completed the FMLA medical certification and submitted it to Aetna, prior to his termination. Plaintiff called Aetna, spoke with a representative, and checked the Aetna website to confirm that his FMLA leave request had been approved. Plaintiff was assured by both the Aetna representative and the data contained on the Aetna website that the required medical certification had been received and his leave was approved.

5.8 UPS asserted that Plaintiff's medical certification was not in fact received and that he would need to re-submit it. Plaintiff did this as requested, and when his wife checked the Aetna portal approximately one week prior to his termination, the data contained showed that Plaintiff was in fact approved for FMLA leave.

5.9 Despite Plaintiff's diligence in ensuring that the medical certification was submitted as requested by UPS, assurances from Aetna that he had submitted all required documentation and that his leave was approved, Plaintiff was informed that he was being terminated. Initially, Plaintiff was told that he was being terminated for dishonesty, but then UPS changed its termination reason and stated Plaintiff was being terminated for excessive absences as well as failure to follow his supervisor's instructions. Prior to his requests for FMLA leave, in his 19+ years of employment, Plaintiff was not reprimanded for such infractions. Plaintiff was terminated on December 12, 2018.

## 6.  CAUSES OF ACTION

6.1   The allegations in the preceding paragraphs are incorporated by reference herein.

6.2   The forgoing actions of Defendant violated the Americans with Disabilities Act.  Plaintiff alleges that Defendant discriminated against him on the basis of his known association and relationship with an individual with a disability, his wife.  Accordingly, Plaintiff asserts that his association with his wife was a factor in Defendant's decision to end his employment.

6.3   *Family Medical Leave Act Retaliation* − Based on the above facts, Defendant violated the Family Medical Leave Act and retaliated against Plaintiff for engaging in a protected activity in taking FMLA leave less than two months prior to his termination.

6.4   *Family Medical Leave Act Interference* − Based on the above facts, Defendant violated the Family Medical Leave Act and interfered with Plaintiff's leave rights under the FMLA.  The above-described actions of Defendant were not in good faith and Defendant did not have reasonable grounds for believing that its acts or omissions were not violations of the law.

## 7.  PRAYER

7.1.   WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

   7.1.1.  Award Plaintiff actual damages;

   7.1.2.  Order Defendant to pay Plaintiff back pay and front pay and benefits;

   7.1.3.  Award Plaintiff compensatory damages for mental anguish;

   7.1.4.  Award Plaintiff punitive damages to be determined by the trier of fact;

   7.1.5.  Grant Plaintiff pre-judgment and post-judgment interest;

7.1.6. Order Defendants to pay Plaintiff's costs and attorney's fees in this action; and,

7.1.7. Order and grant such other relief as is proper and just.

Respectfully Submitted,

**/s/ Jacques P. Leeds**
Jacques P. Leeds
Federal I.D. No. 2526879
State Bar No. 24092678
Email: jacques@jleedslawfirm.com
**LEEDS LAW FIRM, PLLC**
700 Milam Street, Suite 1300
Houston, TX 77002
Telephone: 713-492-2906
Facsimile: 832-787-1020
Attorney-in-Charge for Plaintiff